THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OBY LILLIAN DANIELLE OBUORA-NWALAKOR,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE, *et. al*,<br><br>    Defendants. | Case No. 2:22-cv-01489-RAJ<br><br>**AMENDED ORDER GRANTING MOTION TO DISMISS** |

## I.   INTRODUCTION

THIS MATTER comes before the Court on Defendant United States Postal Service's ("USPS") motion to dismiss for lack of subject matter jurisdiction ("Motion"). Dkt. # 9.  For the reasons below, the Court **GRANTS** the motion.

## II.   BACKGROUND

On October 20, 2022, Plaintiff filed a complaint for personal injury and damages ("Complaint") stemming from an assault that occurred on February 9, 2022, at a USPS Processing Center. Dkt. # 1. Plaintiff asserts claims of assault and battery against co-defendant Roxanne Tone, as well as a claim for premises liability against co-defendant USPS for negligently managing the workplace where the assault took place. *Id*. at ¶¶ 6.1-8.7. Plaintiff also makes a claim against co-defendants John and Jane Doe 1-5, unnamed USPS employees, for failing to intervene during the assault. *Id.* at ¶ 8.8.

On February 9, 2022, Plaintiff was working as a Parcel Post Distributor at a USPS

AMENDED ORDER – 1

Processing Center in Tukwila, Washington, when she was assaulted by co-defendant Roxanne Tone. *Id.* at ¶¶ 1, 5.3-5.5, 5.8-5.10. Plaintiff claims that violence had "become a problem" at this Processing Center and that USPS negligently failed to prevent "non-employees or employees from other branches from accessing restricted areas and assaulting other employees of Defendant USPS." *Id.* at ¶ 8.6 As a result of the assault, Plaintiff sustained physical and emotional injuries and wage loss. *Id.* at ¶¶ 5.14, 5.16, 5.18, 5.20-5.21.

On February 11, 2022, Plaintiff filed a claim with the Department of Labor's Office of Workers' Compensation Programs ("OWCP") alleging "[p]ain, bruising, swelling, [and] double vision" resulting from the February 9th "assault in the workplace." Dkt. # 9, Ex. 1. On March 15, 2022, the OWCP accepted Plaintiff's claim. *Id.* at Ex. 2.

As of January 23, 2023, the OWCP has paid $2,621.36 worth of medical bills, *Id.* at Ex. 4, and $23,034.20 worth of lost wages associated with the assault. *Id.* at Ex. 5.

### III. LEGAL STANDARD

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id.* Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party may bring a factual challenge to subject-matter jurisdiction, and in such cases the court may consider materials beyond the complaint. *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but

AMENDED ORDER – 2

may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

## IV.  DISCUSSION

USPS argues that Plaintiff's claims against them should be dismissed because (1) the United States is the proper defendant in an FTCA claim, (2) the Federal Employees' Compensation Act ("FECA") preempts relief under the FTCA, and (3) Plaintiff's claims are barred by the intentional tort exception of the FTCA. *See* Dkt. # 9. The Court will address these arguments below.

### A.     FECA Preemption

USPS argues that the FTCA claims must be dismissed because Plaintiff's injuries have already been accepted under the FECA, therefore, the FECA preempts recovery under the FTCA. *Id.* at 5. In response, Plaintiff argues that the Court does not lack jurisdiction for the FTCA claim Plaintiff's injuries were not sustained while performing her employment duties. Dkt. # 10 at 5.

Plaintiff's argument fails. Compensation is available under the FECA if the plaintiff can show disability or death resulting from personal injury sustained while in the performance of their employment duties. *Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003). However, the Ninth Circuit has held that "if compensation is available under the FECA, all other statutory remedies for claims arising under the same facts are preempted." *Id.* A plaintiff need only allege "a colorable claim under FECA for our courts to lose jurisdiction over an FTCA action." *Id.*

Here, Plaintiff alleges a colorable claim under the FECA. It is undisputed that Plaintiff became disabled from the physical injuries sustained from the assault. Dkt. # 1 ¶¶ 5.14, 5.16, 5.18, 5.20-5.21. However, Plaintiff argues her injuries "were unrelated to her work except for the fact that it happened at her work." Dkt. # 10 at 5.  But the FECA does not limit claims to injuries that were caused by the employee's job-related duties. *Moe*, 326 F.3d at 1069. In fact, injuries sustained at work that are unrelated to employment duties can still be considered to have occurred "while in performance of one's duties" because they occurred at work. *See Id.* at 1070 (holding that the injuries

AMENDED ORDER – 3

sustained from a workplace shooting occurred while in the performance of plaintiff's duties because "her job placed her in this situation").

The exact argument Plaintiff uses to contend she does not have an FECA claim is the exact reason she does. The assault and Plaintiff's subsequent injuries occurred at her place of work. Dkt. # 1 ¶¶ 5.3-5.11. Therefore, the argument that Plaintiff's injuries did not result from assigned work tasks is without merit. Because Plaintiff's injuries occurred at her workplace, they are considered to have occurred while in the performance of her duties. *See Moe*, 326 F.3d 1065. As such, the FECA is her sole remedy, and the Court lacks subject matter jurisdiction over her FTCA claims.[1]

Because the FECA preempts recovery under the FTCA, addressing the additional arguments presented by USPS in their Motion would be futile. The Court, therefore, will not consider them and dismiss Plaintiff's FTCA claim against USPS with prejudice.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant USPS's Motion. Dkt. # 9. Plaintiff's complaint is dismissed with prejudice as to Defendant USPS.

DATED this 27th day of April, 2023.

The Honorable Richard A. Jones
United States District Judge

---

[1] In Plaintiff's response, Plaintiff petitioned the Court deny the Motion and allow Plaintiff to amend her complaint with the supplemental fact that the Department of Labor ("DOL") accepted her claim after filing this lawsuit, therefore, the FECA cannot preempt the FTCA. *See* Dkt. # 10 at 9. However, because Plaintiff has a colorable FECA claim, the date at which the DOL accepted her claim is irrelevant for the purposes of this Motion.

AMENDED ORDER – 4